MARY J. STODOLA, Administratrix, Appellant, v. CITY OF CEDAR RAPIDS, Appellee.

MUNICIPAL CORPORATIONS: Public Improvements—Contract for
1  Assessment Under Front-Foot Rule. A property owner who *contracts* that his property may be assessed for a public improvement by the "front-foot rule" necessarily abandons all right to have an assessment on the basis (1) of benefits, (2) of not to exceed 25 per cent of value, (3) of area, and (4) of uniformity with other properties.

MUNICIPAL CORPORATIONS: Public Improvements—Division of
2  Property After Contract for Assessment. A *contract* by an owner that his property may be assessed for an abutting improvement under the "front-foot rule" necessitates an assessment based on the theory that the *entire* property abuts upon the improvement, and not on the theory that an abutting *part* of the property subsequently sold should bear the entire assessment.

MUNICIPAL CORPORATIONS: Public Improvements—Sufficiency in
3  re Objection to Assessment. Where a property owner *contracted* that his property might be assessed under the "front-foot rule," for the cost of a contemplated abutting improvement, and subsequently so divided the property by sales that only a *part* of the

original tract abutted upon the improvement when completed, an objection that an assessment on the conveyed *part* for the entire cost was "unequal and inequitable" is sufficient to present the claim that the assessment on said *part* should be levied on the theory that the entire property, as it existed before sale, abutted upon the improvement.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

### JULY 14, 1921.

#### REHEARING DENIED DECEMBER 15, 1921.

APPEAL from a special assessment against appellant's property, levied by the city of Cedar Rapids under a written contract between appellant's grantor and the city, to pay the cost of a river wall abutting on appellant's property. A separate suit in equity was instituted, to restrain the enforcement of the assessment. The appeal from the assessment and the cause in equity were consolidated, both attacking the legality of the special assessment. Facts appear in the opinion.—*Reversed and remanded.*

*Dawley & Jordan,* for appellant.

*O. N. Elliott,* for appellee.

ARTHUR, J.—I. Prior to November 6, 1914, the Magnus Brewing Company was the owner of the north one half of Lot 1, fractional Block 3, extending from South First Street to the bank of the Cedar River, except a small strip therein 4 feet wide and 62 feet long, the half lot being 30 feet wide and 104 feet long, the north side facing on First Avenue. Later, the Magnus Brewing Company conveyed to Peter Blitsch the west portion of said half lot, in dimensions 30 feet wide by 62 feet long, except the 4-foot strip above mentioned, belonging to Caroline Blitsch, and conveyed to appellant the east portion of said half lot, being 30 feet wide and 42 feet long, fronting on the river. While the Magnus Brewing Company was the owner of the entire half lot, except the 4-foot strip belonging to Caro-

1. MUNICIPAL CORPORATIONS: public improvements: contract for assessment under front-foot rule.

line Blitsch, it entered into a contract, on November 6, 1914, with the river front improvement commission of Cedar Rapids and the city of Cedar Rapids, reciting, among other things, that the line between the properties of the parties was not established; and, to establish a boundary line between the properties of the parties and to aid the city and the river front improvement commission to protect, improve, and beautify the banks of the river, and at the same time benefit the property of the Magnus Brewing Company, the parties mutually agreed and bound themselves as follows:

"The city and the river front improvement commission agree to quitclaim all its rights, title, and interest in and to that portion of said lot lying westerly of a division line drawn parallel to and ten feet westerly of the westerly channel line of the river."

The appellant agreed to quitclaim to the city and the improvement commission, to be held in trust for the public, all that portion of the lot lying easterly of the division line above mentioned.

The conveyances contemplated were made.

In addition to determining the property line, the contract provided that the city had the privilege of building a sea wall and sidewalk along the boundary line. The agreement then goes on to provide that, in the event the city should avail itself of the privilege of building the wall, and should in fact build the wall, certain things might be done with regard to the cost of said improvement. This portion of the contract is in dispute, and is before us for construction. It reads:

"Upon the completion thereof the cost of said improvement shall be paid by the party of the second part to the party of the first part, provided the party of the second part shall elect to pay for same in cash upon the completion of said improvement and acceptance of same by the party of the first part; otherwise the party of the second part agrees that the said city of Cedar Rapids may assess against the said property of the party of the second part the cost of said improvement as a special tax payable with interest at the rate of 6 per cent per annum in seven installments, as provided by the statutes of the state of Iowa governing the assessment of the cost of special street improve-

ments and the party of the second part agrees to file his proper waiver with the said city of all irregularities in the making of said assessment and to pay the said installments and each of them as they severally become due. The assessment against the said property on account of said improvement shall be based upon the pro-rata cost of the said improvement within the block in which the said property lies calculated according to the front-foot rule assessment, but such assessment shall not include the cost of said improvement at street intersections.''

Following the execution of the contract, the city, at some later time, constructed the wall, and in February, 1916, made the assessment which is complained of. The assessment levied was $1,350, against the property conveyed by the Magnus Brewing Company to appellant, being the east portion of the half lot, 30 by 42 feet, fronting on the river. No assessment was laid on the balance of said half lot.

Objections were made to the assessment on the grounds:

(1) That the assessment was in excess of the benefit that would result to the property by reason of the improvement.

(2) That the assessment was in excess of 25 per cent of the valuation of the property.

(3) That appellant's grantor, the Magnus Brewing Company, had covenanted that no objection would be made to the wall's being built, and the river front commission covenanted that, in consideration of being allowed to build the wall, the Magnus Brewing Company. or its grantees might pay for said wall, if it or its grantees so elected, in cash on the completion of the wall; but in case the Brewing Company or its grantees did not elect to pay in cash, it or its grantees might have their part of the cost assessed under the statute governing the assessment of cost of special street improvements; and that, under the statutes, the property could not be assessed in excess of one fourth of the value of the property.

(4) That the assessment was inequitable and should be reduced because his property was only about one third of a full lot, and his assessment is as much as though he owned a full lot.

The city council heard the objections and overruled them, and resolved to make assessment as originally contemplated.

The appellant then instituted a suit in equity, to restrain the enforcement of the assessment. Appeal was taken to the district court from the action of the city council. By order of the district court, the appeal from the assessment and the suit in equity were consolidated. The city demurred to the objections and petition in equity. The issues raised by the demurrer were, briefly stated:

(1) Whether, under the terms of the written contract, the assessment should be limited to the special benefits to the property by reason of the improvement.

(2) Whether, under the terms of the contract, the assessment should be limited to 25 per cent of the valuation of the property.

(3) Whether, under the terms of the contract, which provided that the assessment should be based on the "front-foot rule," the assessment must be in proportion to the area, and uniform with that imposed upon adjacent lots.

The court held that the appellant was bound by the terms of the written contract under which the assessment was made, and that his objections were without merit, in view of the contract, and sustained the demurrer. Appellant stood on the ruling, and prosecutes this appeal.

Appellant's objections and claims are:

(1) The assessment is in excess of the benefits.

(2) The assessment is in excess of 25 per cent of the value of the property.

(3) Under the contract, he had a right to have the assessment made as provided by statute for the assessment of street improvements, and subject to all the statutory limitations relative thereto, which statute provides that no property shall be assessed in excess of benefits, or in excess of one fourth of the value of the property.

(4) The assessment against his lot is larger in proportion to area than that against other lots assessed for the same improvement.

The contract was made to cover substantially one half of one lot, being a piece of ground 30 feet by 104 feet. The portion of this half lot which the contract concerns, purchased by plaintiff, was 30 feet by 42 feet, which was the east portion of

the half lot; and fronted on the river. The assessment was made under the front-foot rule, and laid the entire assessment on appellant's property. The contract providing for assessment related to and covered the entire half lot, except the small strip belonging to Caroline Blitsch. Manifestly, if the assessment was being made under the statute, and not under the front-foot rule, which the contract provided for, such assessment would be invalid, because not made proportionately with the assessment on other property assessed for the same purpose. The Magnus Brewing Company owned the half lot, and at the time the contract was entered into, the entire half lot fronted on the river; and if it had not been divided by the Magnus Brewing Company, conveying a larger portion of it to Peter Blitsch and a smaller portion to appellant,—that is, if the half lot had continued to be owned undivided,—it would have been considered as all of it fronting on the river, and an assessment under the front-foot rule would have attached to the entire half lot. To levy an assessment of $1,350 against appellant's property, which extends back only 42 feet, which would have been levied against the whole half lot, had it not been divided, seems inequitable, and could not be tolerated, unless compelled by the contract and not sufficiently challenged by the objections made to the assessment.

*2. MUNICIPAL CORPORATIONS: public improvements: division of property after contract for assessment.*

II. Appellant did not make a specific objection that the whole half lot which was owned by the Magnus Brewing Company at the time the contract was made should have been considered, in levying the assessment, as fronting on the wall constructed, and that the assessment by the front-foot rule should have been levied against the entire half lot, instead of only against appellant's property. Now, can the objections made before the council and the allegation and prayer of the petition for general equitable relief be held to include such objection? The assessment being controlled by the contract, was it necessary and pertinent to make objections contemplated in a statutory proceeding; or was the objection that the assessment was inequitable because not in proportion with other property fronting on the wall, other property fronting on the wall and extending back the full length of the lot being assessed only in

the same amount that appellant's property was assessed,—in other words, that appellant's property was assessed the same as if it had extended back 104 feet, the full length of the half lot,—sufficient objection in the proceeding under the contract?

Appellant contends that the assessment must not be in excess of the special benefit to the property; must not exceed one fourth of the value of the lot; must be based on the area of the lot; and must be uniform with other lots affected by the improvement. This, counsel argue with reference to the contract. They say:

"The only meaning that can be fairly given to it is that, if the property owner does not elect to pay cash for the improvement, the assessment shall follow 'the statutes of Iowa governing the assessment of the cost of special improvements.'"

This contention is in direct conflict with the express wording of the contract, which not only obligates the owner to pay the cost, but provides that this cost is to be determined in a manner directly contrary to the statutory manner of fixing the amount of the assessment. The contract provides that the assessment shall be made according to the front-foot rule; and the application of this rule necessarily eliminates consideration of benefits to the property or area of the same. Thus, the matters objected to by appellant seem to inhere in the method of assessment fixed by the contract.

While the specific objections made by appellant to the assessment,—that the assessment must not be in excess of the special benefits to the property, must not exceed one fourth of the value of the property, must be based on the area of the lot, and uniform with other lots affected by the improvement,—are not well taken, we are inclined to hold that the objection of unequal and inequitable assessment is, in substance and effect, an objection and contention that the whole half lot should have been considered as one property abutting on the wall, because the whole half lot was impressed with the covenants of the contract. We think that the objections, taken as a whole, fairly raised that issue, and that the consideration of such issue, under the contract, would impose the assessment of the $1,350, not on appellant's property alone, but on the whole property concern-

3. Municipal corporations: public improvements: sufficiency *in re* objection to assessment.

ing which the contract was made. The front-foot rule provided for in the contract would still obtain, but would apply to the whole half lot, except the small strip owned by Caroline Blitsch, which was not included in the contract.

For the reason pointed out, the decree and judgment of the lower court is reversed, and the cause remanded for further proceeding not inconsistent with this opinion.—*Reversed and remanded.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.